UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD L. SCARFF, et al., <br>                 Plaintiff, <br>    v. <br> COMERICA BANK-CALIFORNIA et al. <br>                 Defendants. <br> AND RELATED CASES | Case No.: C 03-3394  JF (PVT) <br> C-03-4829 JF (PVT) <br> C-03-5871 JF (PVT) <br><br> **ORDER RE: MID-DEPOSITION DISPUTE** |

On August 11, 2005, a dispute arose relating to the deposition of Plaintiff Edward Scarff and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") contacted the Court for assistance.[1]  The Court held a hearing to resolve the dispute.  Phillip Gregory appeared on behalf of Plaintiffs Edward Scarff ("Scarff"), Scarff, Sears, & Associates ("SSA") and Pentoga Partners ("Pentoga Partners").  Jonathan Bass appeared on behalf of  Defendants Wells Fargo, Computing Resources, Inc., and Intuit Inc.  Bill Klein appeared on behalf of Defendant Comerica Bank ("Comerica") and Jim Sloan appeared on behalf of Defendant Kelly Hvegholm ("Hvegholm").

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

The parties reported the following facts to the court.[2]  Wells Fargo and Scarff met and conferred about deposition schedules. On July 15, 2005[3], Wells Fargo noticed the deposition of Edward Scarff to begin August 8 and to continue day to day.  It was Wells Fargo's understanding that the individual deposition would continue through August 12, if necessary.  On the same day, Wells Fargo noticed depositions pursuant to Rule 30(b)(6) of SSA for August 15 and PP for August 16. Wells Fargo understood that Scarff was to be the designee under rule 30(b)(6) for both SSA and PP and believed that Scarff had agreed to the noticed.  On July 28, Mr. Gregory informed Defendants that he was unavailable on August 8 and would be producing Scarff individually on August 9 and 10, producing Scarff as a 30(b)(6) designee on August 11 and 12, and that Scarff would return to Michigan on August 12.  On August 1, Wells Fargo responded by letter stating its agreement to start the deposition on August 9, but objecting to the limitation of the individual deposition to two days.  No party filed any stipulation or motion with the court.

On August 9, Wells Fargo commenced the deposition of Scarff in his individual capacity.  On August 10, Defendants Bank of America, Comerica, and Hvelgholm each had a limited opportunity to question Scarff about matters related to expected motions for summary judgment.  On August 11, Wells Fargo attempted to resume the individual deposition of Scarff, but Scarff refused, claiming that only the deposition of Scarff as designee for SSA was appropriate.  The parties contacted the court and began the deposition of SSA.

The parties currently have a deadline of August 26 for the filing of any summary judgment motions.  The parties stipulated on August 10 to extend that deadline to September 9, but the court had not extended the deadline as of the writing of this order.  Wells Fargo asserted that it had substantial additional areas of questions relating to the summary judgment motion.  Comerica represented that it had asked all of questions necessary to prepare its summary judgment motion, but understood that it would have an opportunity to ask additional questions at a mutually agreeable later date.  Hvegholm stated that it had additional summary judgment related questions as well as additional general questions.

---

[2] The Court does not have any supporting documentation and relies solely upon the facts agreed upon by the parties.

[3] All further dates are in 2005.

Having considered all the arguments presented, IT IS HEREBY ORDERED that:

1. The deposition of Scarff, in one capacity or another, shall continue until 6:00 today and shall continue on August 12, 2005 from 9:30 a.m. to 6:00 p.m., with reasonable breaks as necessary;

2. Wells Fargo shall have the opportunity to allocate the remaining deposition time this week as it sees fit among the individual and 30(b)(6) depositions in order to complete questions related to the filing of summary judgment motions, including allowing Defendant Hvegholm to ask any questions related to his summary judgment motion; and

3. The parties may not informally agree to additional deposition time.  If any party desires additional deposition time from Scarff in any capacity, that party must procure either a formal stipulation or file a Motion to Compel additional deposition time.  If necessary, a Request to shorten time pursuant to Civil Local Rule 6 may be filed along with the Motion to compel additional time.

IT IS SO ORDERED.

Dated:   August 11, 2005

/s/ Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge